UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| STEPHEN D. AKRIDGE, | ) |
| Petitioner, | ) |
| v. | ) No. 1:05-CV-66 / 1:00-CR-81 |
| UNITED STATES OF AMERICA, | ) Chief Judge Curtis L. Collier |
| Respondent. | ) |

**MEMORANDUM**

*Pro se* petitioner Stephen D. Akridge ("Petitioner") filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Court File No. 1) and an accompanying memorandum (Court File No. 2). Pursuant to the Court's Order (Court File No. 3), the United States filed a response (Court File No. 7). Petitioner filed a reply (Court File No. 15). The Court finds the materials thus submitted, together with the record of the underlying criminal case, conclusively show Petitioner is not entitled to relief on the claim asserted in his petition. Accordingly, the Court will decide this matter without an evidentiary hearing, *see United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993), and will **DENY** Petitioner's motion for the reasons stated herein.

**I.  RELEVANT FACTS AND PROCEDURAL HISTORY**

On direct appeal of Petitioner's criminal case, the United States Court of Appeals for the Sixth Circuit described the facts of this case, which are excerpted here:

> In the early morning of May 2, 2000, Chattanooga police officers received an anonymous telephone tip reporting that the residents of 824 Arlington Avenue were selling drugs. In response to the complaint, officers conducted a "knock and talk"

at the residence, which was shared by Akridge and his roommates Kevin Ellison and Tiffany Stewart. During a search of the apartment, officers found marijuana, cocaine, and three loaded semi-automatic pistols.

Following the search an officer suggested that the three residents decide who would accept the blame for the contraband, and allegedly indicated that he would see that the other two residents would not be charged. As a result, Stewart was taken to jail and Akridge and Ellison were left at the apartment. Stewart apparently was later released on her own recognizance.

On June 19, 2000 ATF officials interviewed Akridge, Ellison, and Stewart regarding the May 2000 search of their residence. All three admitted to selling crack cocaine and marijuana, and Akridge allegedly further admitted to firearms possession and selling drugs from the Arlington Avenue residence, although he denies making such a confession.

Akridge, Stewart, and Ellison subsequently were arrested on June 20, 2000 for drug trafficking and firearms possession. . . .

[Petitioner filed a motion to suppress, which the district court granted. He then filed a motion to enlarge the scope of the suppression, which the district court denied, and which is the subject of the appeal. The case proceeded to trial.].

The jury returned guilty verdicts on Counts 1, 4, 5, and 6, which respectively charged Akridge with conspiracy to distribute in excess of fifty grams of cocaine base in violation of 21 U.S.C. § 846, possession with the intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), possession of a 9mm semi-automatic pistol in furtherance of drug trafficking crimes for the period October 1999 to May 2, 2000 in violation of 18 U.S.C. § 924(c)(1)(A), and being a felon in possession of a 9mm semi-automatic pistol on or about December 31, 1999 in violation of 18 U.S.C. § 922(g)(1).

A pre-sentence report was prepared, to which Akridge objected in part because the report included information predicated upon statements made by Ellison and Stewart. The district court ultimately sentenced Akridge to 360 months on Counts 1 and 4 to run concurrently with 120 months on Count 6. The district court further sentenced Akridge to 300 months on Count 5 to be served consecutively, resulting in a total of 660 months imprisonment.

*United States v. Akridge*, 346 F.3d 618, 621-22 (6th Cir. 2003) (affirming denial of motion to enlarge scope of suppression).

Petitioner's sentence was far steeper than his codefendants, as the dissenting appellate judge

noted:

> Under their plea agreements, Stewart received a 12-month sentence while Ellison (who had a more extensive criminal history and was convicted of several additional charges) received a 115-month sentence. In contrast, Akridge received a 660-month sentence. Given the fact that Akridge had roughly the same role in the alleged offenses as Ellison and Stewart, and received a sentence fifty times more severe than Stewart (and five times more severe than Ellison, who had roughly the same criminal history as Akridge), it seems beyond dispute that Ellison and Stewart both received a significant reduction in prison time by entering into a plea arrangement with the government.

*Id.* at 635 n.1 (Moore, J., dissenting).

Petitioner timely filed this motion under 28 U.S.C. § 2255.

## II.  STANDARD OF REVIEW

Section 2255 of Title 28 of the United States Code permits a prisoner in custody under sentence of a federal court to move the court which imposed the sentence to vacate, correct, or set aside that sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. This Court has jurisdiction under 28 U.S.C. § 1331. Petitioner has the burden of establishing any claim asserted in the petition. *See Bowers v. Battles*, 568 F.2d 1, 5 (6th Cir. 1977); *Mayes v. United States*, 93 F. Supp. 2d 882, 886 (E.D. Tenn. 2000). It is a "well-settled principle that to obtain collateral review relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998) (citing *United States v. Frady*, 456 U.S. 152, 166 (1982)).

Where a constitutional error is alleged, in order to obtain relief under § 2255 the record must

reflect a constitutional error of such magnitude it had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). In order to prevail on a § 2255 motion alleging a non-constitutional error, a petitioner must show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Riggs v. United States*, 209 F.3d 828, 831 (6th Cir.); *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). Thus, "[a] motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

## III. DISCUSSION

Petitioner alleges he was denied effective assistance of counsel prior to and during trial, at sentencing, and on direct appeal, and denied a fair trial due to prosecutorial misconduct.

### A. Failure to Challenge Crack as Illegal

Petitioner contends he was denied effective assistance of counsel before and during trial because his attorney failed to point out that cocaine base (crack) is not listed in the schedules of controlled substances, 21 U.S.C. § 812, and therefore cannot support an indictment. He contends cocaine base is not a controlled substance under federal law, unlike cocaine because cocaine base is a legally new drug different from cocaine. Because Petitioner's trial counsel did not understand and apply this law, he claims he was denied effective assistance of counsel.

The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused

4

shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The standard for showing defense counsel was ineffective is set out in *Strickland*, at 687:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Petitioner has the burden of demonstrating prejudice. *Smith v. Robbins*, 528 U.S. 259, 285-86 (2000). He must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694.

Petitioner's claim fails because his counsel was not deficient in failing to argue that crack cocaine was not illegal. The Sixth Circuit has explained:

> crack cocaine is covered by Schedule II of the Controlled Substances Act. Under 21 U.S.C. § 802(6), a controlled substance is defined as "a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of part B of this subchapter." Schedule II lists "coca leaves …; cocaine …; or any compound, mixture, or preparation which contains any quantity of any of the substances referred to in this paragraph." *See* 21 U.S.C. § 812, Schedule II(a)(4); *see also* 21 C.F.R. § 1308.12(b)(4) (listing in schedule II "coca leaves [] and any salt, compound, derivative or preparation of coca leaves (including cocaine . . . and [its] salts, isomers, derivatives and salts of isomers and derivatives), and any salt, compound, derivative, or preparation thereof which is chemically equivalent or identical with any of these substances"). Because cocaine base and crack cocaine are mixtures that contain cocaine and are derived from coca leaves, *see United States v. Canales*, 91 F.3d 363, 366-69 (2d Cir. 1996) (describing chemical composition of cocaine base and crack cocaine), these substances are encompassed by schedule II's definition. Several courts have held that crack cocaine is included within § 812(a)(4). *United*

> *States v. Manzueta*, 167 F.3d 92, 93-94 (1st Cir. 1999); *United States v. Sloan*, 97
> F.3d 1378, 1381-82 (11th Cir. 1996); *United States v. Deisch*, 20 F.3d 139, 149-52
> (5th Cir. 1994).

*United States v. Jernigan*, 93 F. App'x 775, 776-77 (6th Cir. 2004). If Petitioner had made such claim, it would not have been meritorious. Hence, he was not prejudiced by his counsel's failure to argue the claim.

### B. Payments to Witnesses

Petitioner contends two witnesses who testified against him were bribed in violation of 18 U.S.C. § 201(c)(3). *United States v. Blaszak*, 349 F.3d 881, 887 (6th Cir. 2003) ("Section 201(c)(3) clearly prohibits demanding or accepting anything of value in exchange for testimony."). Petitioner is apparently referring to the "significant reduction in prison time" the two witnesses received for testifying. *Akridge*, 346 F.3d at 635 n.1 (Moore, J., dissenting). He contends his trial counsel was ineffective on this issue by not attempting to instruct the jury that the prosecutor and witnesses violated § 201(c)(3). But the Sixth Circuit has held the statute "does not apply to the federal government." *United States v. Roper*, 266 F.3d 526, 530 (6th Cir. 2001) (analyzing §201(c)(2)). Accordingly, Petitioner's claim would not have been meritorious if raised by counsel, and therefore he suffered no prejudice.

### C. Counsel's License

Petitioner claims his counsel was not a licensed attorney in Tennessee, which, he states, explains why she made the aforementioned errors. Petitioner points to *Wheat v. United States*, 486 U.S. 153, 159 (1988), which states "an advocate who is not a member of the bar may not represent clients (other than himself) in court." Although Petitioner's counsel may not be a member of the Tennessee bar, she is a member of the bar of the United States District Court for the Eastern District

of Tennessee. Indeed, as an assistant federal defender for this district, Petitioner's counsel is regularly appointed to represent defendants in this Court. Therefore, his claim is without merit.

**D.    Vindictive Prosecution**

Petitioner claims the prosecution of him was vindictive in that he was penalized for exercising his constitutional rights. He contends his attorney was ineffective for failing to point out this vindictiveness.

The docket sheet for Petitioner's original case shows prosecutors filed two superseding indictments against him. The second superseding indictment was filed slightly over one month after the Court granted Petitioner's motion to suppress. Petitioner contends a motion to dismiss based on vindictive prosecution would have likely prevailed, and his counsel was ineffective for not filing one.

Petitioner points to *Blackledge v. Perry*, 417 U.S. 21, 28-29 (1974), in which the Supreme Court held it unconstitutional for prosecutors to bring a felony charge against a defendant who exercised his statutory right to appeal a misdemeanor conviction. The Sixth Circuit has noted, "It is well established that due process protects against prosecutorial retaliation for a defendant's exercise of a statutory or constitutional right." *United States v. Moon*, 513 F.3d 527, 535 (6th Cir. 2008). However, "the Due Process Clause is not offended by all possibilities of increased punishment . . ., [] only by those that pose a 'realistic likelihood of vindictiveness.'" *Moon*, 513 F.3d at 535 (quoting *Blackledge*, 417 U.S. at 27).

To establish prosecutorial vindictiveness in the pre-trial context, which is the allegation in this case, a defendant must demonstrate that "the prosecutor has some 'stake' in deterring the petitioner's exercise of his rights, and that the prosecutor's conduct was somehow unreasonable."

7

*Id.* Petitioner has not made any showing that the prosecutor had a stake in deterring him from exercising his rights or that his conduct was unreasonable. The filing of a superseding indictment does not automatically lead to the conclusion a prosecutor is being vindictive. *See Bordenkircher v. Hayes*, 434 U.S. 357, 360-61 (1978). Because Petitioner is unable to establish prosecutorial vindictiveness, he was not prejudiced by his counsel's failure to allege it, and therefore did not suffer ineffective assistance of counsel.

### E. Coconspirator Testimony

Petitioner contends the testimony of Ellison and Stewart violated the Federal Rules of Evidence on hearsay because there was no extrinsic evidence they were in a conspiracy with Petitioner, and his counsel's failure to properly object was ineffective assistance. However, Petitioner acknowledges his counsel did object. He does not explain how counsel's objection was improper. Furthermore, Petitioner incorrectly understands Fed. R. Evid. 801 as prohibiting coconspirator testimony about a coconspirator's statement when the only evidence is the testimony of the alleged conspirator. In fact, the *contents* of the declarant's statement is insufficient to establish the existence of the conspiracy, but other testimony from the testifying witness may establish the conspiracy. Fed. R. Evid. 801. Thus, Petitioner has not met his burden of establishing ineffective assistance.

### F. Intrastate Firearm

Petitioner alleges any firearm he possessed was intra-state activity and did not substantially affect interstate commerce, and trial counsel failed to advocate that position. However, he acknowledges there was evidence the firearm was manufactured outside Tennessee. Although he dismisses this evidence as speculative, a jury could conclude it was true, and therefore Petitioner has

8

not met his burden of showing ineffective assistance on this claim.

### G. Errors at Sentencing

Petitioner alleges ineffective assistance of counsel at sentencing. Petitioner contends his sentence of 300 months for violating 18 U.S.C. § 924(c)(1)(A) exceeded the statutory maximum, which he contends is five years. However, five years is the statutory minimum, not maximum. And in fact, Defendant's 25-year sentence (300 months) was the statutory minimum for a person, like Defendant, who had previously been convicted of being a felon in possession. § 924(c)(1)(C)(i).

Petitioner also claims his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Petitioner's sentence became final prior to *United States v. Booker*, 543 U.S. 220 (2005), which does not apply retroactively on collateral review. *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005). Furthermore, it was permissible for the Court to make factual findings at sentencing. *United States v. Stone*, 432 F.3d 651, 654 (6th Cir. 2005). Accordingly, he cannot demonstrate prejudice.

### H. Effective Assistance on Appeal

Petitioner contends he was denied effective assistance of counsel on appeal because counsel failed to address the arguments he made above. As noted, those arguments are incorrect, and therefore Petitioner cannot show ineffective assistance.

### I. Fair Trial Resulting From Prosecutorial Misconduct and Vindictiveness

Petitioner contends his right to a fair trial was violated by prosecutorial vindictiveness and because witness testimony violated the rules regarding hearsay. These claims fail for the same reasons as his ineffective assistance claim based on these claims.

**IV.  CONCLUSION**

For the reasons stated above, Petitioner's conviction and sentence were not in violation of the Constitution or laws of the United States, and the motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be **DENIED** (Court File No. 1).

An Order will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**