# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| STEPHEN AKRIDGE, ) | |
| ) | Case No. 1:00-CR-81; 1:16-CV-448 |
| *Petitioner*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's successive motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 149]. In it, he challenges the propriety of his career-offender designation under Section 4B1.1 of the United States Sentencing Guidelines in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual provision of the Armed Career Criminal Act, 18 U.S.C. § 924(e), for unconstitutional vagueness [*Id.* (suggesting that his sentence is no longer valid because Section 4B1.2 is equally vague)].[1]

---

[1] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in the *Johnson* decision. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance

On March 6, 2017, the Supreme Court held that the United States Sentencing Guidelines are "not amenable to vagueness challenges." *Beckles v. United States*, 137 S. Ct. 886, 894 (2017). As a result, binding authority now dictates that the *Johnson* decision does not provide a basis for vacating, setting aside, or correcting Petitioner's career-offender designation under Section 4B1.1.

In accordance with the foregoing, this Court's stay of the instant action will be **LIFTED** and the successive § 2255 motion [Doc. 149] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. See U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).